

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0048-19

**THOMAS DIXON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

HERVEY, J., filed a concurring opinion in which KEASLER and NEWELL JJ., joined.

### CONCURRING OPINION

I join the Court's opinion because I agree that the admission of the historical CSLI records in this case was harmless under the Fourth Amendment exclusionary rule. But I write separately to address the court of appeals's analysis and our decision in *Love v. State*, 543 S.W.3d 835, 845 (Tex. Crim. App. 2016), which the lower court relies on.

*Love* dealt with Article I, Section 9 of the Texas Constitution[1] and whether text messages should have been suppressed under Article 38.23(a) of the Texas Code of Criminal Procedure—not the Fourth Amendment—as is the issue here.[2] And while it is true that we analyzed the statutory error in *Love* for constitutional harm, we were wrong to do so and should disavow that part of the Court's opinion.[3]

---

[1]Article I, Section 9 states that,

> The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

TEX. CONST. art. I, § 9.

[2]In relevant part, Article 38.23(a) states that,

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> \*　　\*　　\*

TEX. CODE CRIM. PROC. art. 38.23(a).

[3]Harm analysis is governed by Rule 44.2 of the Texas Rules of Appellate Procedure. In relevant part that rule states that,

> (a) Constitutional Error. If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

> (b) Other Errors. Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

We use a constitutional-harm standard to determine whether a Fourth Amendment violation is harmful because the federal exclusionary is constitutional in nature, inherent in the Fourth Amendment. *Hernandez v. State*, 60 S.W.3d 106 (Tex. Crim. App. 2001); *see* TEX. R. APP. 44.2(a). Unlike the Fourth Amendment, however, we have held that there is no suppression remedy inherent in Article I, Section 9. *Hulit v. State*, 982 S.W.2d 431, 437 (Tex. Crim. App. 1998) (citing *Welchek v. State*, 247 S.W. 524 (1922)). Instead, the remedy for an Article I, Section 9 violation is to invoke one of Texas's statutory exclusionary rules.[4]

That brings me to the problem with *Love*. Violations of statutes are reviewed for non-constitutional harm, not constitutional harm.[5] Thus, we erred when we analyzed the statutory error in that case for constitutional harm. Consequently, we should overrule that part of our opinion at our earliest opportunity. Erroneously assessing harm under the

* * *

TEX. R. APP. P. 44.2(a)–(b).

[4]The majority of suppression claims rely on the general suppression remedy in Article 38.23(a), but there are other more specific statutory suppression rules that can be relied on. *See* TEX. CODE CRIM. PROC. art. 18A.205 ("The state may not use as evidence in a criminal proceeding information gained through the use of an interception device installed under this subchapter if authorization for the device is not sought or is sought but not obtained.").

[5]Presiding Judge Keller has reached the same conclusion. In *Hernandez*, she wrote in dissent that "Article 38.23 is a statutory mechanism, not a constitutional one, and any error predicated thereon must be analyzed under the standard of harm for non-constitutional errors." *Hernandez*, 60 S.W.3d at 116 (Keller, P.J., dissenting).

much higher constitutional-harm standard unfairly punishes the State.[6]

With these comments, I join the opinion of the majority.

Filed: January 15, 2020

Publish

---

[6] *Clark v. State*, 365 S.W.3d 333, 338 (Tex. Crim. App. 2012) ("[C]onstitutional and non-constitutional errors are subject to vastly different analyses on appeal.").